ANDREW STRZELECKI, PETITIONER-APPELLEE, v. JOHNS-MANVILLE PRODUCTS CORPORATION, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 14, 1974—Decided January 31, 1974.

Before Judges LEONARD, ALLCORN and CRAHAY.

*Mr. Richard H. Thiele, Jr.* argued the cause for appellant (*Messrs. Wharton, Stewart & Davis,* attorneys).

*Mr. Herbert Koransky* argued the cause for appellee (*Mr. Arthur D. Fialk,* on the brief).

PER CURIAM. In this workmen's compensation case, respondent employer appeals from a judgment entered in the Division awarding petitioner dependency benefits as the widow of one of its deceased employees.

The deceased, while he was employed by respondent as an associate financial analyst, was enrolled in a Business Finance course at Rutgers University, Newark, which commenced on June 7, 1971 and terminated on August 30, 1971. He was pursuing a Master's degree in Business Administration. Respondent agreed to pay the tuition ($95) upon successful completion of the course. His department noted on the tuition request form that the "course should be helpful to this employee's career at J.M.". He attended classes on Monday, Wednesday and Friday evenings.

On those nights on which he was not required to attend class he habitually would go to study at the library located at either the Newark or New Brunswick campus, leaving home about 6 P.M. and returning about 8 or 8:30 P.M.

On Thursday, June 30, 1971, while driving from his home in Manville, New Jersey, to the New Brunswick library he was involved in a fatal accident.

The judge of the Division found that death arose out of an accident which occurred in the course of employment. He reasoned that the situation fell within the concept of the "mutual benefit" doctrine.

Assuming, without deciding, that had deceased been killed on his way to attend a class at Rutgers, Newark or on route therefrom to his home, petitioner might have been entitled to dependency payments under the "mutual benefit" doctrine,

*cf. Cuna v. Bd. of Fire Com'rs, Avenel,* 42 *N. J.* 292, 305–306 (1964) ; *Saintsing v. Steinbach Company,* 1 *N. J. Super.* 259, 264 (App. Div. 1949), aff'd 2 *N. J.* 304 (1949) ; *Barbarise v. Overlook Hospital Assn.,* 88 *N. J. Super.* 253, 258 (Co. Ct. 1965), we nevertheless are of the opinion that this doctrine cannot be extended to establish compensability in the instant situation. Here, the situs of his studies was his personal choice. See *Anderson v. Chatham Electronics,* 70 *N. J. Super.* 202, 207–208 (App. Div. 1961) ; *Thering v. Reinkemeyer,* 117 *N. J. Super.* 176, 182 (Law Div. 1971) ; 1 Larson, *Workmen's Compensation,* § 27.31(a), p. 5–238 (1972).

*Love v. N. Y. S. Craig School,* 42 *A. D.* 2d 796, 345 *N. Y. S.* 2d 710 (App. Div. 3 Dept.), upon which petitioner relied at oral argument, is factually inapposite.

Accordingly, the judgment entered in the Division allowing dependency benefits is reversed. Consistent with our determination herein, the counsel fees allowed to petitioner's attorney in the Division are set aside and reversed. See *N. J. S. A.* 34:15–64.

Reversed and remanded to the Division of Workmen's Compensation for the entry of a judgment in accordance herewith.